UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL THOMAS, | No. 2:16-cv-02691 JAM CKD |
| Plaintiff, | |
| v. | ORDER |
| CHAD DARLING, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are two motions to compel filed by plaintiff (ECF Nos. 49, 52) and a motion for summary judgment filed by defendants Camp, Haring and Pizarro (ECF No. 44). Plaintiff has filed numerous "oppositions" to all of defendants' pleadings, except the pending summary judgment motion. For the reasons that follow, the court will deny the plaintiff's motions to compel as untimely and sua sponte grant him one extension of time in order to file any opposition to the pending summary judgment motion.

**I.     Factual and Procedural Background**

This case proceeds on plaintiff's original complaint alleging that defendant Darling used excessive force against him and that defendants Pizarro, Camp, and Haring failed to protect him from that use of force on September 24, 2015. See ECF No. 7 (screening order). Plaintiff also alleges that defendants were deliberately indifferent to his serious medical needs on the same date

1

in violation of the Eighth Amendment.

All of the events at issue in the complaint occurred on the exercise yard of Facility C at California State Prison-Sacramento ("CSP-Sac"). Multiple incidents involving plaintiff, as well as other inmates, were captured on video surveillance footage from different security cameras at various locations throughout the yard. See ECF No. 45 (Notice of Lodging Video). Based on the parties' separate motions to modify the scheduling order governing this case, the discovery deadline was extended to January 12, 2018. ECF No. 31. The order indicated that "[a]ny motions necessary to compel discovery shall be filed by that date." Id. The pending motions to compel were constructively filed by plaintiff on April 26, 2018 and May 8, 2018.[1] See ECF Nos. 49, 52. The court granted defendants' motion to file a copy of the video surveillance footage on April 16, 2018, but ordered that plaintiff be permitted to review it at least 14 days before his opposition to the summary judgment motion was due. ECF No. 42. In response to this order, defendants Camp, Haring and Pizarro lodged a copy of the video surveillance footage with the court and sent a copy of it to the Litigation Coordinator at Salinas Valley State Prison where plaintiff was housed in order to allow him to view it. See ECF No. 50-1 (Affidavit of Brian S. Chan). Technical difficulties in plaintiff's viewing of the CD ensued which prompted, in part, the pending motions to compel.

## II. Motions to Compel

In his first motion to compel, plaintiff seeks an original copy of the video surveillance footage from September 24, 2015 and all the Rule Violation Reports ("RVR's") written by defendants related to the incidents on the exercise yard from that date. ECF No. 49. Plaintiff acknowledges that he was allowed to view the video surveillance footage on April 19, 23, and 26, but the "videos kept pausing, freezing, crashing or just would not play…." ECF No. 49 at 6. He requests this information in order "to dispute the defendants undisputed facts and if necessary draft a motion to strike the video based on the facts [sic] if the video the defendant's lodged with the courts is incomplete, and/or missing camera views or has been edited from the original

---
[1] See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing the prison mailbox rule for determining the date of filing).

2

version…." Id. at 5. As part of his request for relief, plaintiff asks for an additional 21 days to file his opposition to the pending summary judgment motion after he receives the requested materials. ECF No. 49 at 2.

On May 21, 2018, defendants Camp, Haring and Pizarro opposed plaintiff's motion to compel arguing that it was untimely filed and was moot because the technical difficulties in viewing the videotape had been resolved. ECF No. 50. Defendants additionally argued that plaintiff had never requested a copy of the video surveillance footage or the RVR's in any of his discovery requests. Id. Therefore, their discovery responses were not inadequate and the motion to compel should be denied.

In his second motion to compel, plaintiff requests the court to review in camera the documents which defendants claimed were privileged as set forth in the privilege log submitted with their discovery responses. ECF No. 52 at 1. Plaintiff asserts that these documents are necessary "to oppose and/or counter summary judgment." Id. at 5.

Defendants Camp, Haring and Pizarro filed an opposition to this motion in which defendant Darling joined. ECF Nos. 53-54. They once again argue that the motion should be denied as untimely because it was filed well beyond the January 12, 2018 discovery deadline. Id.

Plaintiff's reply focuses solely on the conditions under which he was allowed to view the video tape surveillance footage again on May 7 and 16, 2018. ECF No. 55 at 2. While the previously unviewable footage from two specific cameras was able to be opened and viewed on these dates, according to plaintiff, the CD continued "to pause and start over." Id. As a result, plaintiff has not been able to adequately and timely file an opposition to defendants' summary judgment motion. Id. at 6.

**III.    Analysis**

Although there was a delay in receiving defendants' discovery responses in this case due to plaintiff's prison transfer, plaintiff has acknowledged receiving them at the beginning of February 2018. See ECF No. 48 (denying motion to compel as moot based on re-service of defendants' discovery responses). In his pending motions, plaintiff does not provide any explanation for why he delayed requesting an in camera review of the documents defendants claimed were privileged

3

until May 2018.  See Fed. R. Civ. P. 6(b)(1)(B) (untimely motion must demonstrate excusable neglect).  Plaintiff does not explain why he could not have filed the pending motions to compel at least before the April 17, 2018 dispositive motions deadline.

With respect to plaintiff's difficulties viewing the video surveillance footage, the court notes that while there is surveillance footage from 10 separate video cameras on the Facility C exercise yard, the only portion that is relevant to the conduct of defendants Camp, Haring, and Pizarro lasts for a minute and a half and is really only viewable from two of the cameras based on the size of the yard and the location of the video cameras.  See ECF No. 44-7 at ¶ 7 (Affidavit of Defendant Pizarro noting the "security camera footage from camera 'C Yard PTZ 7,' from 10:16:43.313 to 10:18:05, and camera 'C Yard Cam 8,' form 10:16:47.650 to 10:18:05.").  Plaintiff admits that defendants provided him the opportunity to view this particular video footage, but claims in his reply that due to technical difficulties he could not view the entire footage because it would start over before finishing.  ECF No. 55 at 2.  The court also notes that the videotape footage was provided to plaintiff's attorney in the corresponding criminal prosecution in the Sacramento County Superior Court.  Based on plaintiff's submission of the preliminary hearing transcript from the criminal case, the relevant portions of the video surveillance footage were viewed in open court while plaintiff was present.  In light of plaintiff's viewing of the video surveillance footage as part of the criminal case as well as this court's April 16, 2018 order requiring defendants to make the surveillance footage available to plaintiff to review again, the court does not find sufficient cause to review plaintiff's untimely motions to compel on the merits based on his complaints related to the video surveillance footage.  Accordingly, the motions to compel are untimely and will be denied on that basis.  The court will, however, grant plaintiff one last extension of time to file his opposition to defendant Camp, Haring, and Pizarro's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 49, 52) are denied as untimely.
2. The court sua sponte grants plaintiff one last extension of time to file an opposition to defendant Camp, Haring and Pizarro's motion for summary judgment.

4

3. Plaintiff's opposition or statement of non-opposition shall be filed within 21 days from the date of this order. The failure to comply with this order may be deemed a waiver of any opposition to the granting of defendants' summary judgment motion. <u>See</u> Local Rule 230(l).

4. No further extensions of time will be granted.

Dated:  December 26, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/thom2691.m2compel2and3.docx